UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Wilbert E. Leslie, | Case No.: 2:24-cv-01833-APG-MDC |
| Petitioner | **Order Dismissing the § 2254 Habeas Corpus Petition Without Prejudice** |
| v. | |
| Jeremy Bean, | [ECF Nos. 1, 1-1, 1-2, 1-3] |
| Respondents | |

Petitioner Wilbert E. Leslie, a *pro se* Nevada prisoner, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1), an application to proceed *in forma pauperis* (IFP (ECF No. 1)), and motions for appointment of counsel (ECF Nos. 1-2, 1-3). On initial review under the Habeas Rules[1], I dismiss the petition for lack of jurisdiction, grant the IFP application, deny the motions for appointment of counsel, and direct the Clerk of the Court to close this case.

**Background**

Leslie challenges a 1996 conviction and sentence imposed by the Eighth Judicial District Court for Clark County. The state court entered a judgment of conviction for burglary, robbery with use of a deadly weapon, and first-degree murder with use of a deadly weapon. Leslie was sentenced to death for the count of first-degree murder. Following direct appeal, the Nevada Supreme Court affirmed the finding of guilt, but vacated the death sentence. On remand, Leslie agreed to be sentenced to life imprisonment without the possibility of parole for first-degree murder and to an equal and consecutive term for the use of a deadly weapon.

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

In his petition, Leslie asserts that he has filed multiple postconviction state habeas petitions. ECF No. 1-1 at 4-5. In addition, Leslie acknowledges that he has previously challenged the judgment of conviction at issue in this case in federal court. *Id*. at 3.

## Discussion

Leslie was denied federal habeas corpus relief in 2012. *See Leslie v. McDaniel*, Case No. 3:08-cv-002453-LRH-VPC, ECF Nos. 57, 58. The Antiterrorism and Effective Death Penalty Act ("AEDPA") generally limits habeas petitioners to one round of federal habeas review. 28 U.S.C. § 2244. Leslie has already received federal habeas review of his conviction. A petition is second or successive if it attacks the same judgment of conviction as a prior federal petition that was decided on its merits and raises claims based on facts that had occurred by the time of the prior petition. *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied sub nom. Brown v. Hatton*, 139 S. Ct. 841, 202 L. Ed. 2d 610 (2019) ("It is now understood that a federal habeas petition is second or successive if the facts underlying the claim occurred by the time of the initial petition, . . . and if the petition challenges the same state court judgment as the initial petition. . . .").

Although Leslie asserts that he has newly discovered evidence, he must secure permission from the Ninth Circuit to file a second or successive § 2254 habeas petition.[2] *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018) (under § 2244(b)(3), federal district courts lack jurisdiction to entertain a petitioner's successive habeas petition absent permission from the court of appeals to do so). Leslie did not indicate, and it does not appear that he has received

---

[2] The All Writs Act, 28 U.S.C. § 1651, allows the Court to grant extraordinary writs where the Court has jurisdiction. *Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 33–34 (2002). Thus, it does not provide an independent basis for jurisdiction for a petition for a writ of mandamus or prohibition. *See id.*

authorization from the Court of Appeals to file this second or successive petition. This second or successive petition must therefore be dismissed for lack of jurisdiction.

## Conclusion

I THEREFORE ORDER:

1. Petitioner Wilbert E. Leslie's petition for writ of habeas corpus (ECF No. 1-1) is dismissed without prejudice.

2. Leslie's IFP Application (ECF No. 1) is granted.

3. Leslie's motions for appointment of counsel (ECF Nos. 1-2, 1-3) are denied as moot.

4. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk will make informal electronic service upon the respondents by adding Nevada Attorney General Aaron D. Ford as counsel for the respondents and to provide the respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. No response is required from respondents other than to respond to any orders of a reviewing court.

5. The Clerk of the Court is directed to enter judgment accordingly and close this case.

6. A certificate of appealability is denied because jurists of reason would not find debatable whether the Court is correct in dismissing this action.

DATED this 30th day of October, 2024.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE